IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JULY 1997 SESSION

FILED

October 8, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9609-CR-00331 |
| | ) | |
| Appellee | ) | McMINN CRIMINAL |
| | ) | |
| v. | ) | HON. MAYO L. MASHBURN, |
| | ) | JUDGE |
| JACKIE CROWE, | ) | |
| | ) | |
| Defendant/Appellant | ) | |

FOR THE APPELLANT

Gregory D. Smith
One Public Square, Suite 321
Clarksville, TN 37040

FOR THE APPELLEE

Charles W. Burson
Attorney General & Reporter

Peter M. Coughlan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

OPINION FILED _____

AFFIRMED
JOHN K. BYERS
SENIOR JUDGE

**O P I N I O N**

The defendant was convicted by jury of two counts of rape and two counts of incest. He was sentenced as a Range I, standard offender to twelve (12) years for each rape conviction and to six (6) years for each incest conviction to the custody of the Department of Correction. The trial court ordered the defendant to serve the rape convictions consecutive to each other and consecutive to prior unserved sentences but concurrent with the incest convictions. The trial court also imposed fines in the amount of $25,000 for each rape conviction and $10,000 for each incest conviction.

The defendant appeals these convictions, arguing that the evidence is insufficient to sustain convictions of guilt beyond a reasonable doubt.

We affirm the defendant's convictions.

The evidence presented by the State at trial consisted of the testimony of Carla Scroggs, who is the victim and the defendant's daughter, and the testimony of Mary Crowe, who is the victim's mother and the defendant's wife. At the time of the trial on February 7, 1996, the victim was nineteen (19) years old, placing her between the ages of sixteen (16) and seventeen (17) at the time of the alleged offenses from August 1993 to August 1994.

Identifying the defendant as the perpetrator, the victim testified that the defendant raped her on numerous occasions, but generally she could not remember specific dates and times because the rapes occurred so frequently, at least once a week, and she blocked much of it out. However, the victim was able to testify about two specific instances of rape by relating them to memorable events, which were then traced to more specific dates and times.

The victim testified that the first specific instance of rape occurred the day her new bedroom suite was delivered to the house. The victim testified about the following details with respect to this rape. The victim and her older sister shared a bedroom so they purchased a new bedroom suite with money they earned from working at a local restaurant. On the day the bedroom suite was delivered, the

victim came home after school and began arranging and cleaning the new furniture. The victim's mother and sister were at work, so she was alone in the house with the defendant. The defendant entered her bedroom and told her to undress, while he put on a condom. By this time in her life, the victim had become so scared of the defendant's threats to kill or harm her if she did not comply that she took off her clothes. Then, the defendant made her lie on the bed, and he got on top of her and had vaginal intercourse with her. The victim testified that this particular rape hurt her because her vagina was unlubricated. Mary Crowe testified that her daughters received the bedroom suite sometime in August 1993.

As for the second specific instance of rape, the victim testified that the defendant raped her in a utility room, a separate structure which housed the laundry machines at the back of the house. The victim testified about the following details with respect to this rape. The defendant told the victim to go to the utility room to wash some clothes. While she was in the utility room, the defendant came out there already wearing a condom. The defendant unzipped his pants, made her bend over, and penetrated her vaginally. The victim testified that this instance of rape occurred sometime after April 1994 at approximately 5:00 p.m. She remembered the time because it was starting to get dark and her younger sister was told by the defendant to take a bath and get ready for bed.

At the defendant's objection at the close of the State's proof, the trial court required the State to elect the offenses for which it was seeking convictions. The State elected to prosecute two instances of rape: "the utility room and the day the bedroom suit [sic] was delivered, when it happened in her bedroom."

The defendant's proof at trial consisted of the testimony of his sister, Carol Allen, who testified that she had a good relationship with the victim, her niece, and yet the victim never confided in her over the years about being sexually abused by the defendant. Ms. Allen further testified that the victim did not confide in her when she specifically asked the victim whether the allegations against the defendant of sexual abuse were true. The defendant did not testify at trial, but at the sentencing hearing he denied ever having illegal sexual intercourse with the victim.

The defendant challenges the sufficiency of the evidence to support the convictions for rape and incest. When the sufficiency of the evidence is challenged, the standard of review is whether, after considering the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Duncan,* 698 S.W.2d 63, 67 (Tenn. 1985), *cert. denied,* 475 U.S. 1031 (1986).

Furthermore, "a jury verdict approved by the trial judge accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the State's theory." *State v. Williams,* 657 S.W.2d 405, 410 (Tenn. 1983), *cert. denied,* 465 U.S. 1073 (1984); *State v. Grace,* 493 S.W.2d 474, 476 (Tenn. 1973). On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom. *State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn. 1978).

A finding of guilt against the defendant removes the presumption of innocence and raises a presumption of guilt on appeal. *Grace,* 493 S.W.2d at 476. It is the defendant who must overcome this presumption of guilt and carry the burden of demonstrating that the evidence is insufficient. *Williams,* 657 S.W.2d at 410.

In the light most favorable to the State, the evidence showed that the defendant raped the victim on two separate occasions, each set apart from other instances of rape by the victim's unique details and each traced to specific dates and times by either the victim or Mary Crowe. Accordingly, the jury was able to deliberate and return a verdict of guilt beyond a reasonable doubt on these two specific instances of rape.

The defendant failed to present any evidence to rebut the victim's testimony regarding the two specific instances of rape. Therefore, the jury was entitled to believe the victim's testimony and reject the defendant's defense that he did not commit the rapes. On appeal, the defendant has not overcome this presumption of guilt and has not demonstrated that the evidence is insufficient.

We find that the evidence in the record is certainly sufficient for a rational trier of fact to find the essential elements of the offenses of rape and incest beyond a reasonable doubt.

The judgments are affirmed.

_____

_____
                                                                   John K. Byers, Senior Judge


CONCUR:


_____
David H. Welles, Judge


_____
Thomas T. Woodall, Judge